1  KELLEY DRYE & WARREN LLP
     Jeffrey S. Jacobson (*pro hac vice to be filed*)
2     Lauri A. Mazzuchetti (*pro hac vice to be filed*)
   101 Park Avenue
3  New York, New York 10178
   Telephone:  (212) 808-7800
4  Facsimile:   (212) 808-7897
   jjacobson@kelleydrye.com
5  lmazzuchetti@kelleydrye.com

6  KELLEY DRYE & WARREN LLP
     Sarah Diamond (State Bar No. 281162)
7  10100 Santa Monica Blvd., 23rd Floor
   Los Angeles, CA 90067-4008
8  Telephone:  (310) 712-6100
   Facsimile:   (310) 712-6199
9  sdiamond@kelleydrye.com

10 Attorneys for Defendant Kohl's Department
   Stores, Inc.
11

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  CRYSTAL WATERS, and individual, and TONY VALENTI, an individual, on behalf of themselves and all others similarly situated, | Case No. |
| 18 | **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S SECOND NOTICE OF REMOVAL** |
| 20                     Plaintiffs, | |
| 21       v. | Action Filed:  January 12, 2018 |
| 22  KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES 1-100. | Trial Date: |
| 24                     Defendants. | |

## NOTICE OF REMOVAL

Defendant Kohl's Department Stores, Inc., ("Defendant"), pursuant to 28 U.S.C. § 1441(a), hereby removes the above-captioned action (the "Action") from the Superior Court of the County of Los Angeles ("Los Angeles Superior Court") to the United States District Court for the Central District of California, on the following grounds:

### I. INTRODUCTION

1. This Action was commenced on February 15, 2017, by the filing of a complaint (the "Complaint" or "Compl."), captioned as *Crystal Waters, et al. v. Kohl's Department Stores, Inc.*, Case No. BC650906, in Los Angeles Superior Court. True and correct copies of the Complaint, the summons, and all process, pleadings, and orders served on Defendant are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a). Defendant was served with the Summons and Complaint on February 23, 2017. *See* Exhibit A.

2. Promptly after filing this Notice of Removal, Defendant will give written notice to Plaintiffs through their attorneys of record in the Action, as well as to the Clerk of the Los Angeles Superior Court, as required by 28 U.S.C. § 1446(d).

3. The Action properly may be removed to the United States District Court for the Central District of California because this Court also has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions are hereby reserved.

### II. FIRST REMOVAL AND REMAND

5. Defendant removed this case once previously, on March 27, 2017. Defendant removed on the grounds that the Plaintiffs' claims exceed the $5 million jurisdictional threshold under CAFA. Upon removal, the action was assigned Case No. 2:17-cv-02325-ODW (AFMx) and assigned to the Hon. Otis D. Wright.

6. On April 26, 2017, Plaintiffs filed a Motion to Remand the case back to state court. Plaintiffs contended that Defendant had not met its burden of demonstrating that the amount in controversy exceeded $5 million.

7. On June 28, 2017, the Court agreed with Plaintiffs' argument and remanded the matter. A true and correct copy of the Court's remand order is attached hereto as Exhibit A.

### III. THIS SECOND NOTICE OF REMOVAL IS TIMELY AND PROPER

8. This case concerns Defendant's Kohl's Cash® coupons, pursuant to which, during specified time periods, customers can earn a $10 Kohl's Cash® coupon redeemable on a subsequent purchase for each $50 they spend at Kohl's. Kohl's Cash® coupons state certain terms and conditions, some in bold-faced type, and Kohl's processed coupons in full accordance with those terms. Plaintiffs' contention is because the program is called "Kohl's Cash," the coupons must operate equivalently to "cash" within a Kohl's store, irrespective of the coupons' stated terms.

9. Defendant believes its conduct is fully lawful and proper and it has continued to process Kohl's Cash® coupons in accordance with their stated terms while this case has been pending. Plaintiffs, through recent discovery requests, have made clear their intent to include post-filing Kohl's Cash® coupon redemptions in their calculations of purported damages. Plaintiffs have requested and received copies of Kohl's Cash® coupons used "through the present," and demanded and received information about redemption of Kohl's Cash® coupons "through the present." The class period pleaded in the complaint has no end date. *See* Compl. ¶ 29. Accordingly, to the extent any doubt existed in March 2017 about whether this case satisfies the CAFA jurisdictional threshold of $5 million, no such doubt is possible any longer. As the Ninth Circuit held in *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014), this subsequent removal is timely and appropriate.

10. "Nothing in § 1446 forecloses multiple petitions for removal." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-82 (7th Cir. 1999). Successive removal is

permitted where there is a "relevant change of circumstances" based on newly discovered facts unavailable at the time of first removal. *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *Rea*, 742 F.3d at 1237-38. Changes meriting successive removal include (1) an intervening change of law; (2) an amended pleading, motion or order; or (3) other papers from which it may first be ascertained that the case has become removable. *See Reyes*, 781 F.3d at 1188. Ultimately, a defendant may remove at any time based on the results of its own investigation. *Ruano v. Sears Roebuck & Co.*, 2015 WL 6758130, at *1 (C.D. Cal. Nov. 5, 2015), citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Here, Defendant could not have known how successful the Kohl's Cash program would be during 2017 or even that the case would have continued through 2017.

### IV. THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFFS' CLAIMS PURSUANT TO CAFA

11. CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which *any* member of a class of plaintiffs is a citizen of a state different from *any* defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

#### A. Minimal Diversity Exists

12. At the time the Complaint was filed, both Plaintiffs were—and, apparently, still are—domiciled in the County of Los Angeles, State of California. *See* Complaint ("Compl.") ¶¶ 6, 7.

13. Defendant was at the time the Complaint was filed, and remains, a Delaware corporation with its principal place of business in Wisconsin. (Compl. ¶ 8); Declaration of Jessica Stemper ("Stemper Decl."), ¶ 3.

### B. There Are At Least 100 Members in Plaintiffs' Proposed Class

14. This action has been styled as a class action. Compl. ¶¶ 29-37.

15. CAFA requires the existence of at least 100 members in Plaintiff's proposed class. 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiffs seek to represent "[a]ll individuals residing in California who, since the four years prior to the filing to this action ("Class Period"), purchased one or more items from [Defendant] using, in part or in whole, Kohl's Cash in conjunction with a percent-off discount." (Compl. ¶ 29).

17. From February 23, 2013—four years prior to the filing of the Complaint—to the present, at least tens of thousands of consumers have redeemed Kohl's Cash® coupons at Kohl's stores in California. Stemper Decl. ¶ 4.

### C. The Amount in Controversy Exceeds $5 Million

18. From February 15, 2013, through January 4, 2018, Defendants' customers redeemed ▬▬▬▬ in Kohl's Cash® coupons in California stores in transactions that also included use of a second coupon entitling the holder to a *percentage* discount off of the entire transaction. *See* Stemper Decl. ¶ 5. These are the consumers Plaintiff contends are members of the putative class.

19. Kohl's issues percentage-off-transaction coupons of varying types. The average percentage discount received in transactions relevant to Plaintiff's class allegations ▬▬▬▬ as described below. *See* Stemper Decl. ¶ 8.

20. Because Plaintiffs contend that Kohl's had to apply percentage discount coupons first, before subtracting the value of any Kohl's Cash® coupons redeemed—notwithstanding the clear statement on each Kohl's Cash® coupon that the value of Kohl's Cash® would be subtracted first—Plaintiffs' measure of purported damages in this case is to examine all transactions in which Kohl's Cash® coupons were redeemed along with percentage-off coupons, and to multiply for each transaction the amount of Kohl's Cash® redeemed by the percentage discount specified in the coupon. In the example stated in the Complaint, if a customer redeemed $60 in Kohl's Cash®

1  coupons and used a 20% discount coupon, the customer has purported damages of
2  $12, which is 20 percent of $60. *See* Compl. ¶ 20.
3      21. Plaintiffs in this case allege that they redeemed 20 percent- and 25
4  percent-off coupons in the transactions of which they complain. *See* Compl. ¶¶ 26,
5  28.
6      22. Kohl's has—with considerable effort—calculated the average
7  percentage discount received by Kohl's customers in California stores who, in the
8  same transaction, used both Kohl's Cash® coupons and coupons entitling them to a
9  percentage discount on the transaction. The average percentage discount with respect
10 to the ▓▓▓▓▓▓ in Kohl's Cash® coupons redeemed in California in conjunction
11 with a percentage discount between February 15, 2013, and January 4, 2018, was ▓
12 ▓▓▓ *See* Stemper Decl. ¶ 8. Accordingly, the amount in controversy here, just
13 with respect to the portion of the Complaint pertaining to the redemption of Kohl's
14 Cash® coupons in California in conjunction with percentage discounts, is at least
15 ▓▓▓▓▓▓. This alone well exceeds the CAFA threshold of $5 million.
16     23. Plaintiffs also complain about a second term and condition stated clearly
17 on each Kohl's Cash® coupon—that if the customer returns the items that earned
18 Kohl's Cash® coupons after having redeemed those coupons, Kohl's will deduct the
19 amount of Kohl's Cash® redeemed from the refund amount. Between February 15,
20 2013, and January 4, 2018, Kohl's canceled ▓▓▓▓▓▓ in Kohl's Cash® coupons
21 due to such returns. *See* Stemper Decl. ¶ 9. Applying the newly-calculated ▓▓▓▓
22 average to this amount yields an additional amount in controversy of ▓▓▓▓
23     24. Plaintiffs also seeks "treble damages," "special damages," "punitive
24 damages," and attorneys' fees.
25     25. The bare allegation in Plaintiffs' Complaint (at ¶ 9) that the aggregate
26 total amount in controversy does not exceed $5,000,000, is demonstrably wrong.
27 Courts need not accept such bare assertions when the removing party can establish,
28 "by a preponderance of evidence, that the aggregate amount in controversy exceeds

the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 981 (9th Cir. 2013). To do so, the removing defendant must "produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead[ed] in the Complaint." *Muniz v. Pilot Travel Ctrs. LLC,* No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (emphasis in original).

26. In a successive removal, the defendant must present a relevant change of circumstances based on newly discovered facts unavailable at the time of first removal. *Reyes*, 781 F.3d at 1188. Here, Defendant has satisfied that burden by including Kohl's Cash® coupon redemptions, in conjunction with percentage-off coupons, through the 2017 holiday shopping season—data that were not available at the time of the prior removal. Indeed, Kohl's Cash® coupon redemption in conjunction with percentage-off coupons in California just since March 2017 alone exceeded ▓▓▓▓. *See* Stemper Decl. ¶ 10. Applying the newly-calculated ▓ ▓ average percentage discount to these more recent transactions has added over ▓▓▓▓ to the amount in controversy just since the prior removal, not counting Plaintiffs' request for treble damages.

27. Defendant denies Plaintiffs' claims of wrongdoing, but the allegations in Plaintiffs' Complaint and the total amount of compensatory damages, treble damages, attorneys' fees, injunctive relief, restitution, and other monetary relief at issue in this action, on an aggregate, class-wide basis, well exceeds CAFA's $5 million jurisdictional threshold. *See Saulic v. Symantec Corp.,* No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007) (considering facts presented in notice of removal, including defendant's declaration, along with plaintiff's allegations, in finding jurisdictional limits satisfied under CAFA).

28. Accordingly, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## V. CONCLUSION

29. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Los Angeles Superior Court.

DATED: January 12, 2018

KELLEY DRYE & WARREN LLP

Jeffrey S. Jacobson
Lauri A. Mazzuchetti
Sarah E. Diamnd

By /s/ Sarah E. Diamond
_____
Sarah E. Diamond
Attorneys for Defendant Kohl's Department Stores, Inc.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On January 12, 2018, I served true copies of the following document(s) described as: **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S SECOND NOTICE OF REMOVAL** on the interested parties in this action as follows:

Robert L. Esensten, Esq.
Jordan S. Esensten, Esq.
ESENSTEN LAW
12100 Wilshire Boulevard, Suite 1660
Los Angeles, CA  90025
Telephone: (310) 273-3090
Fax: (310) 207-5969
Email: resensten@esenstenlaw.com
Email: jesensten@esenstenlaw.com

**BY E-MAIL (courtesy copy)**: I caused a courtesy copy of the document(s) to be sent from e-mail address wtaylor@kelleydrye.com to the persons at the e-mail addresses listed above.

**BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kelley Drye & Warren LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**FEDERAL**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2018, at Los Angeles, California.

_____
Wanda Taylor

PROOF OF SERVICE