# EXHIBIT A

# EXHIBIT A

FILED
Superior Court of California
County of Los Angeles

FEB 15 2017

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Moses Soto

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

CANCELED

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Shaunya Bolden

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES
1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRYSTAL WATERS, an individual, and TONY VALENTI, an
individual, on behalf of themselves and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* BC 650906 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Robert L. Esensten–ESENSTEN LAW   12100 Wilshire Blvd. #1660, Los Angeles, CA 90025 (310)273-3090

| DATE: February 14, 2017 *(Fecha)* FEB 1 4 2017   FEB 15 2017 | Clerk, by SHERRI R. CARTER *(Secretario)* | M. Soto Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1  ROBERT L. ESENSTEN (Bar No. 65728)
   resensten@esenstenlaw.com
2  JORDAN S. ESENSTEN (Bar No. 264645)
   jesensten@esenstenlaw.com
3  ESENSTEN LAW
   12100 Wilshire Boulevard, Suite 1660
4  Los Angeles, California 90025
   Telephone: (310) 273-3090
5  Facsimile: (310) 207-5969

6  Attorneys for Plaintiffs CRYSTAL WATERS
   and TONY VALENTI, on behalf of themselves
7  and all others similarly situated

8      CCW-OA-D-323 - ELIHU BERLE

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES

11

12 CRYSTAL WATERS, an individual, and        CASE NO.   **BC 650906**
   TONY VALENTI, an individual, on behalf
13 of themselves and all others similarly     **CLASS ACTION**
   situated,
14
              Plaintiffs,
15                                            **COMPLAINT FOR**
16                                            1. **VIOLATION OF THE**
                                                 **CONSUMERS LEGAL REMEDIES**
        vs.                                      **ACT**
17
                                              2. **VIOLATION OF UNFAIR**
18                                               **COMPETITION ACT**
   KOHL'S DEPARTMENT STORES, INC.,           3. **FALSE AND MISLEADING**
19 a corporation; and DOES 1-100,               **ADVERTISING**
20            Defendants.                      4. **RESTITUTION**
21                                            **JURY TRIAL DEMANDED**

22

23     Plaintiffs CRYSTAL WATERS, an individual, and TONY VALENTI, individually

24 on behalf of themselves and all others similarly situated, hereby file this complaint against

25 Defendants KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES 1-100,

26 (jointly, "Defendants"), and allege as follows:

27

28

                              1
                          COMPLAINT

## INTRODUCTION

1. This action arises from a massive fraud perpetrated by Defendants in connection with the marketing and employment of their discounts and their "rewards" program. Defendant KOHL'S DEPARTMENT STORES, INC. ("Kohl's"), one of the largest department stores in the country, offers "Kohl's das part of its rewards program. With every purchase at Kohl's, customers earn Kohl's Cash, which can then be applied towards subsequent purchases. Although Defendants' labeling of the rewards program infers, implies, and/or represents that Kohl's Cash can be used as actual "cash," in truth, Defendants do not treat it as such. In contrast to actual cash, Defendants apply Kohl's Cash *prior* to applying any percent-off discounts. By deducting Kohl's Cash from the purchase price prior to applying any percent-off discounts, Defendants prevent customers from obtaining and receiving the full amount and benefit of the advertised or marketed discount and/or the full amount and benefit of Kohl's Cash. This results in the customer overpaying for the goods and Defendants retaining the amount of overpayment.

2. While Defendants do not treat Kohl's Cash as actual cash when applying Kohl's Cash to customer *purchases*, they *do* treat it as actual cash when applying Kohl's Cash to customer *returns* because it is in their interests to do so. If a customer returns an item that earned him or her Kohl's Cash or that was purchased with Kohl's Cash, Defendants will deduct the *full amount* of the Kohl's Cash from the refund amount even though the customer was only able to utilize a *portion* of that Kohl's Cash to purchase the item. The customer ends up in a worse position and has spent more money than if he or she had never used Kohl's Cash in the first place.

3. The conduct described above constitutes violations of California's consumer protection laws, including the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §1750 *et seq.*, the Unfair Competition Act ("UCL"), Cal. Business & Professions Code §17200 *et seq.*, and the False Advertising Law ("FAL"), Cal. Business & Professions Code §17500 *et seq.* Accordingly, Plaintiffs bring this action on behalf of themselves and all other California customers who used Kohl's Cash in conjunction with a percent-off discount for

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

2

1 | the purpose of obtaining an order enjoining the unlawful, unfair, and deceptive practices and

2 | conduct described above, and an order awarding them damages and restitution.

3

4 | ## JURISDICTION AND VENUE

5 |     4.    Venue is proper in this Court pursuant to California Code of Civil Procedure

6 | §395(a) and Civil Code §1780(d) because Defendants, or some of them, do business in Los

7 | Angeles County, and Plaintiffs' injuries and transactions with Defendants occurred in Los

8 | Angeles County.

9 |     5.    This Court has subject matter jurisdiction over this Class and the

10 | representative action pursuant to Business and Professions Code §17200, *et seq.*; Business

11 | and Professions Code §17500, *et seq.*; Civil Code §1750, *et seq.*; Code of Civil Procedure

12 | §382, and other provisions of the California Codes.

13

14 | ## THE PARTIES

15 |     6.    Plaintiff CRYSTAL WATERS is a resident of the City of Valencia in the

16 | County of Los Angeles, State of California.

17 |     7.    Plaintiff TONY VALENTI is a resident of the City of Valencia in the County

18 | of Los Angeles, State of California.

19 |     8.    Plaintiffs are informed and believe and thereupon allege that Defendant

20 | KOHL'S DEPARTMENT STORES, INC. ("Kohl's") is an Illinois corporation with its

21 | principal place of business in Wisconsin, and doing business in the State of California and

22 | other states, including in the County in which Plaintiffs reside.

23 |     9.    The individual members of the Class have sustained damages under

24 | $75,000. While Plaintiffs do not know to a certainty of the total amount of damages suffered

25 | by the Class, Plaintiffs are informed and believe that the aggregate total amount in

26 | controversy alleged herein, exclusive of interests and costs, does not exceed $5 million.

27 |     10.    The true names and capacities, whether individual, corporate, associate or

28 | otherwise of defendants DOES 1 through 100, inclusive, and each of their roles in this case,

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1 is presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious
2 names pursuant to Code of Civil Procedure §474. Plaintiffs further allege that each of said
3 fictitiously named defendants is in some manner responsible for the acts and occurrences set
4 forth herein. Plaintiffs will seek leave to further amend this Complaint to show the true
5 names and capacities of said DOE defendants when the same is ascertained, as well as the
6 manner in which each fictitiously named defendant is responsible.

7 11. Plaintiffs are informed and believe and thereupon allege that at all times
8 mentioned, each of the Defendants was (and still is) the employee, agent, partner, joint
9 venturer, alter ego, and/or co-conspirator of the other such defendants. At all times
10 mentioned, a unity of interest in ownership and other interests between each of such
11 Defendants has existed such that any separateness ceased to exist between them. The
12 exercise of complete dominance and control over the other entities and their properties,
13 rights and interests, rendered such entities as mere shells and instrumentalities of each other.

14

15 ## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16 12. Kohl's is one of the largest department stores in the country. According to
17 Kohl's website, Kohl's operates in "more than 1,100 stores in 49 states." Plaintiffs are
18 informed and believe and thereupon allege that Kohl's has 1,164 stores across the country,
19 including 116 stores in California. Kohl's website also touts its "powerful e-commerce
20 platform of Kohls.com." Kohl's stores and its website, www.kohls.com, offers a wide array
21 of consumer products. Some of Kohl's categories of products and goods that it sells in its
22 stores and on its website include kitchen and dining, small appliances, home décor, storage
23 and cleaning, electronics, active and wellness, bed and bath, furniture, clothing, jewelry, and
24 toys.

25 13. Given its massive coast-to-coast presence, its e-commerce platform, and the
26 wide variety of products sold at its stores, it is no surprise that Kohl's is one of the largest
27 and most profitable department stores in the country. According to Kohl's released
28 financials, Kohl's sales revenue exceeds $19 billion per year.

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1    14.    Kohl's website states that **"we put customers first"** (emphasis in original),
2  but its conduct, as complained herein, demonstrates otherwise—that its policies and
3  practices are designed to work to its own benefit and to the detriment of its customers.

4    15.    Defendants offer "Kohl's Cash" as a type of "rewards" program to entice their
5  customers into returning to Kohl's to purchase more goods. When customers purchase items
6  from Kohl's, at Kohl's stores or online, customers automatically earn a certain amount of
7  Kohl's Cash depending on the amount of the purchase. For every $50 a customer spends at
8  Kohl's, he or she earns $10 in Kohl's Cash. A certificate for Kohl's cash, which contains
9  an expiration date, is then automatically emailed to the customer and/or is automatically
10  stored on the customer's Kohl's smart phone app. Customers can then use that Kohl's Cash
11  towards future purchases at Kohl's stores or on its website.

12    16.    The amount of the Kohl's Cash used is deducted from the purchase price of
13  the good. The following example explains how Defendants apply Kohl's Cash to a regular
14  purchase and return. A customer purchases a $300 blender from Kohl's and earns $60 in
15  Kohl's Cash. The customer returns to Kohl's on a subsequent visit and uses that $60 in
16  Kohl's Cash to purchase a $100 toaster, so the customer incurs only $40 in out-of-pocket
17  expenses for the toaster.

18    17.    But if the customer wishes to return the initially purchased item that earned
19  him or her the Kohl's Cash, Defendants will subtract the amount of Kohl's Cash earned from
20  the refund price. For instance, if the customer wants to return the $300 blender, which
21  earned him or her the $60 of Kohl's Cash, Kohl's will deduct $60 from the amount of the
22  refund and refund the customer only $240. As is evident from Kohl's policy and practice of
23  subtracting Kohl's Cash from a refund, Kohl's treats Kohl's Cash as actual cash.

24    18.    But when Kohl's Cash is used in conjunction with a percent-off discount,
25  Defendants alter their policies and practices to work to their benefit and to the detriment of
26  customers. Despite what its name and label suggests, implies, and/or infers, Kohl's Cash is
27  not treated as actual "cash" when used in conjunction with a discount. In contrast to actual
28  cash, Defendants apply Kohl's Cash *prior* to applying any discounts. If Kohl's Cash could

ESENSTEIN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

5

1 truly be used as actual cash, Defendants would apply the Kohl's Cash *after* applying the
2 discount.

3     19.   Defendants' policy and practice of applying discounts after applying Kohl's
4 Cash adversely impacts consumers in two ways.  First, it devalues the amount of Kohl's
5 Cash and treats it differently than actual cash, such that the true value of the Kohl's Cash is
6 less than the printed value.  Second, it devalues the amount of the discount that the customer
7 receives, such that the customer receives less of a discount than advertised and promised.  In
8 both cases, the customer suffers an out-of-pocket loss because he or she is receiving less (in
9 terms of the amount of Kohl's Cash or a discount) than Defendants promise or represent he
10 or she will receive.

11     20.   When applying Defendants' policy and practice to the example above, the
12 customer's loss is apparent.  Let's say the $100 toaster, which the customer purchased
13 using the $60 in Kohl's Cash, was on sale for 20% off.  If Defendants treated Kohl's Cash
14 as actual cash, Defendants would first apply the 20% discount to the $100, and then deduct
15 the $60 in Kohl's Cash, leaving the customer with an out-of-pocket expense of $20 ($80-
16 $60).  However, Defendants first deduct the $60 in Kohl's Cash from the $100 toaster, and
17 then apply the 20% discount to the remaining $40, leaving the customer with an out-of-
18 pocket expense of $32.  Instead of paying $20 for the toaster, the customer has paid $32.
19 The customer has lost $12.  This is illustrated in the table below.

| <u>Actual Cash</u> | <u>Kohl's Cash</u> |
|---|---|
| $100 item | $100 item |
| Minus 20% discount ($20) | Minus $60 Kohl's Cash |
| $80 remaining | $40 remaining |
| Minus $60 Kohl's Cash | Minus 20% discount ($8) |
| **$20 out-of-pocket** | **$32 out-of-pocket** |

27     21.   Because Defendants' uniform practices and policies unfairly prevent

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1  customers from obtaining the full amount and benefit of Kohl's Cash and/or the full
2  amount of the advertised or marketed discount any time a customer uses Kohl's Cash in
3  conjunction with a percent-off discount, each customer using Kohl's Cash in conjunction
4  with a percent-off discount will have been injured due to overpayment.  This overpayment
5  shall hereinafter be referred to as Defendants' "Overpayment Charges."

6      22.     Defendants have thus created a scheme whereby they make it appear that
7  Kohl's Cash and percent-off discounts have greater value than they actually do.  This, in
8  turn, provides a false and misleading incentive for customers to return to Kohl's to use
9  their Kohl's Cash and to purchase items at a percent-off discount.  Empirical studies
10  conclude that as discount size increases, consumers' perceptions of value and their
11  willingness to buy the product increase, while their intention to search for a lower price
12  decreases.

13      23.     Due to Defendants' policy and practice of applying Kohl's Cash prior to
14  applying any percent-off discounts, consumers wishing to return items are left at greater
15  disadvantage than if they had never used Kohl's Cash in the first place.  Even though the
16  customer receives only a *partial* amount of the printed value of the Kohl's Cash when
17  applying it in conjunction with a discount, when a customer attempts to return the item that
18  earned him or her the Kohl's Cash, Defendants will deduct the *full* amount of the Kohl's
19  Cash from the refund.  In the example above, even though the customer receives the
20  benefit of only $48 in Kohl's Cash from the $60 certificate, when he or she subsequently
21  returns the $300 blender, Kohl's will deduct the full $60 from the $300 purchase price, and
22  refund him only $240.  The customer has now paid $92 for a toaster that would have cost
23  him or her no more than $80 if he or she had never used Kohl's Cash.  Defendants have
24  retained $12 in "Overpayment Charges" from this customer.

25      24.     Plaintiffs are informed and believe and thereupon allege that Defendants
26  employ the same, identical, and uniform policies and practices with respect to Kohl's Cash
27  at each and every Kohl's store and on Kohl's website, and have done so throughout the entire
28  Class Period.  Thus, in the aggregate, Defendants have collected substantial "Overpayment

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

02/15/2017

1 | Charges" from the Class. However, Plaintiffs do not believe that the aggregate total for the
2 | Class reaches or exceeds $5 million.

3

4

## PLAINTIFFS' EXPERIENCES

5 | 25. Plaintiff Crystal Waters has been a regular shopper at Kohl's for years and has
6 | purchased dozens of items from Kohl's over the years. During the Class Period, Ms. Waters
7 | purchased numerous items that were marked at a percent-off discount using Kohl's Cash
8 | from Kohl's stores and at www.Kohls.com. In each instance, Kohl's subtracted the Kohl's
9 | Cash from the purchase price prior to applying the percent-off discount. Thus, in each
10 | instance, Kohl's prevented Ms. Waters from realizing, obtaining, and/or receiving the full
11 | value of the percent-off discount and/or the Kohl's Cash. Ms. Waters has also returned items
12 | she purchased at Kohl's, and, when she has done so, Kohl's subtracted the full amount of
13 | Kohl's Cash she earned from the purchase from the refund price, thus providing her with
14 | only a partial refund.

15 | 26. On or about December 3, 2016, Ms. Waters was a customer at the Kohl's store
16 | in Valencia, California. There, she purchased approximately $125 worth of items, all
17 | marked at 25% off regular price, and used $30 in Kohl's Cash towards the purchase. Kohl's
18 | subtracted the $30 in Kohl's Cash from the purchase price prior to applying the 25%
19 | discount. Therefore, Kohl's prevented Ms. Waters from realizing, obtaining, and/or
20 | receiving the full value of the 25% discount and/or the $30 in Kohl's Cash.

21 | 27. Plaintiff Tony Valenti has been a regular shopper at Kohl's for years and has
22 | purchased dozens of items from Kohl's over the years. During the Class Period, Mr. Valenti
23 | purchased numerous items that were marked at a percent-off discount using Kohl's Cash.
24 | In each instance, Kohl's subtracted the Kohl's Cash from the purchase price prior to applying
25 | the percent-off discount. Thus, in each instance, Kohl's prevented Mr. Valenti from
26 | realizing, obtaining, and/or receiving the full value of the percent-off discount and/or the
27 | Kohl's Cash. Mr. Valenti has also returned items he purchased at Kohl's, and, when he has
28 | done so, Kohl's subtracted the full amount of Kohl's Cash he earned from the purchase from

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

8

1  the refund price, thus providing him with only a partial refund.

2       28.    On or about November 25, 2016, Mr. Valenti was a customer at the Kohl's
3  store in Valencia, California.  There, he purchased approximately $200 worth of items, all
4  marked at 20% off regular price, and used $20 in Kohl's Cash towards the purchase.  Kohl's
5  subtracted the $20 in Kohl's Cash from the purchase price prior to applying the 20%
6  discount.    Therefore, Kohl's prevented Mr. Valenti from realizing, obtaining, and/or
7  receiving the full value of the 20% discount and/or the $20 in Kohl's Cash.

8

9                    **CLASS ACTION DEFINITION AND ALLEGATIONS**

10      29.    Plaintiffs bring this action on behalf of themselves, and as a class action on
11  behalf of the following class ("the Class"):

12                 All individuals residing in California who, since the four years
13                 prior to the filing to this action ("Class Period"), purchased one
14                 or more items from a Kohl's Department Stores or
15                 www.Kohls.com using, in part or in whole, Kohl's Cash in
16                 conjunction with a percent-off discount.

17

18      30.    **Numerosity.**  Although Plaintiffs do not know the exact number of members
19  in the Class, Plaintiffs are informed and believe and on that basis allege that due to the nature
20  of the commerce involved, the members of the Class are sufficiently numerous in number,
21  most likely tens of thousands of persons, that joinder of all class members is impracticable.

22      31.    **Typicality.**  Plaintiffs' claims are typical of the Class claims in that Plaintiffs
23  and the Class members used Kohl's Cash in conjunction with an applicable discount to
24  purchase goods from Defendants, and that in so doing, Defendants deceptively and unfairly
25  retained moneys rightfully belonging to the Class.

26      32.    **Existence of common questions of fact and/or law.**  Numerous questions of
27  law and fact are common to the Class.  Common questions, including, but not limited to, the
28  following will predominate this litigation:

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1        a.    Whether Defendants' policy and/or practice of applying Kohl's Cash

2   prior to applying percent-off discounts is deceptive, unlawful, and/or unfair;

3        b.    Whether Defendants are required to apply percent-off discounts prior

4   to applying Kohl's Cash;

5        c.    Whether Defendants' use of the term "Kohl's Cash" is deceptive,

6   unlawful, and/or unfair;

7        d.    Whether Defendants are required to disclose that Kohl's Cash is not

8   treated as actual cash;

9        e.    Whether Defendants' concealment that Kohl's Cash is not treated as

10   actual cash is deceptive, unlawful, and/or unfair;

11        f.    Whether Defendants are required to disclose that purchasing goods

12   with Kohl's Cash devalues any applicable discount;

13        g.    Whether Defendants' concealment that purchasing goods with Kohl's

14   Cash devalues any applicable discount is deceptive;

15        h.    Whether Defendants are required to disclose that purchasing

16   discounted goods with Kohl's Cash devalues Kohl's Cash;

17        i.    Whether Defendants' concealment that purchasing discounted goods

18   with Kohl's Cash devalues Kohl's Cash is deceptive;

19        j.    Whether Defendants' practice and/or policy of subtracting the full

20   amount of Kohl's Cash from refunds is deceptive;

21        k.    Whether Defendants' concealment of their practices and policies

22   concerning how they apply Kohl's Cash is deceptive;

23        l.    Whether Defendants failed to honor their refund program;

24        m.    Whether Defendants failed to honor their rewards program;

25        n.    Whether Defendants' marketed discounts are deceptive when being

26   used in conjunction with Kohl's Cash;

27        o.    Whether Defendants made false and misleading statements of fact

28   and/or omit material facts concerning the reasons for, existence of, or amounts of, price

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

10

1 reductions;

2      p.      Whether Defendants falsely represented that Kohl's Cash, Kohl's
3 advertised discounts, and Kohl's goods are of a particular quality which they do not possess;

4      q.      Whether Defendants advertised and/or marketed Kohl's Cash, their
5 advertised discounts, and their goods with intent not to sell them as advertised;

6      r.      Whether Defendants were unjustly enriched;

7      s.      The nature and extent of damages and other remedies to which the
8 conduct of Defendants entitle the class members;

9      t.      Whether Defendants' practices, policies representations, concealments,
10 and non-disclosures concerning Kohl's Cash and percent-off discounts violate the CLRA
11 and/or the UCL;

12      u.      Whether the Class is entitled to injunctive relief prohibiting the
13 challenged practice and enjoining such practices in the future;

14      v.      Whether the Class is entitled to punitive damages; and

15      w.      Whether Plaintiffs and the Class are entitled to attorneys' fees and
16 expenses.

17      33.      **Adequacy.** Plaintiffs will fairly and adequately represent the interests of the
18 Class in that Plaintiffs are typical of absent class members and seek to vigorously litigate
19 the claims of the Class.    Furthermore, Plaintiffs have retained competent counsel
20 experienced in class action litigation. Plaintiffs' counsel will fairly and adequately protect
21 the interests of the Class.

22      34.      This class action is superior to the alternatives, if any, for the fair and efficient
23 adjudication of this controversy.  The relief sought per individual class member is small
24 given the burden and expense of individual prosecution of the potentially extensive litigation
25 necessitated to prosecute the Class's claims. Furthermore, it would be virtually impossible
26 for the class members to seek redress on an individual basis.  Even if the class members
27 themselves could afford such individual litigation, the court system could not.

28      35.      Individual litigation of the legal and factual issues raised by the conduct of

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1   Defendants would increase delay and expense to all parties and to the court system. The
2   class action device presents far fewer management difficulties and provides the benefits of
3   a single, uniform adjudication, economies of scale and comprehensive supervision by a
4   single court. Given the similar nature of the Class members' claims and the law applicable
5   thereto, the Court and the parties will easily be able to manage a class action.

6        36.    Prosecution of separate actions by individual class members would create the
7   risk of inconsistent or varying adjudications concerning Defendants' conduct, establishing
8   incompatible standards of conduct for Defendants and absent class members.

9        37.    Injunctive relief is appropriate as to the Class as a whole because Defendants
10  have acted or refused to act on grounds generally applicable to the Class.

11

12  **FIRST CAUSE OF ACTION**

13  **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

14  **(CAL. CIV. CODE §1750 et seq.)**

15       38.    Plaintiffs incorporate by reference all the above allegations as if fully set forth
16  herein.

17       39.    Plaintiffs and members of the Class are individuals who have purchased goods
18  from Defendants for personal, family or household purposes. This cause of action is asserted
19  on behalf of a subclass of the Class, comprised of those members who purchased the Product
20  within three years of the filing of this action.

21       40.    Defendants are "persons" as defined by Civil Code §1761(c), and Plaintiffs
22  are "consumers," as defined by Civil Code §1761(d).

23       41.    Defendants have violated and continue to violate Civil Code §1770 by
24  engaging in unfair, fraudulent, deceptive, and unconscionable conduct, including, but not
25  limited to, the following:

26           a.    Employing practices and policies that have the effect of overcharging
27  consumers for goods;

28             b.    Applying Kohl's Cash in conjunction with percent-off discounts in a

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1   manner that is injurious to consumers;

2          c.     Using the deceptive, misleading, and unfair label "Kohl's Cash" for

3   Defendants' "rewards program" when their uniform practices and policies prevent

4   consumers from using Kohl's Cash as actual cash;

5          d.     Employing practices and policies that devalue, decrease, and deflate

6   Kohl's Cash when used in conjunction with a discount;

7          e.     Employing practices and policies that devalue, decrease and deflate

8   percent-off discounts when used in conjunction with Kohl's Cash;

9          f.     Making false and misleading statements of fact and/or omit material

10  facts concerning the reasons for, existence of, or amounts of, price reductions, in violation

11  of Civil Code §1770(a)(13);

12         g.     Representing that Kohl's Cash is of a particular standard, quality or

13  grade when it is not, in violation of Civil Code §1770(a)(7);

14         h.     Advertising and marketing Kohl's Cash and percent-off discounts

15  with the intent not to provide them as advertised, in violation of Civil Code §1770(a)(9);

16  and

17         i.     Representing that Kohl's Cash and percent-off discounts have

18  characteristics, uses, and/or benefits that they do not have, in violation of Civil Code

19  §1770(a)(5).

20   42.   Defendants' practices and policies, as described herein, result in Defendants

21  overcharging consumers for goods.  A reasonable consumer would attach importance to the

22  cost of an item.

23   43.   As a result of Defendants' actions and conduct, as set forth herein, Plaintiffs

24  and the Class have suffered injury-in-fact and have lost money or property in that they have

25  incurred "Overpayment Charges" and paid more for products than advertised or marketed.

26   44.   Defendants intend to commit the aforementioned unlawful conduct.

27  Defendants are aware of their policies and practices with respect to Kohl's Cash and are

28  further aware, or should be aware, that by applying Kohl's Cash and discounts in the manner

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1   in which they do, they can make promises and representations as to the amounts of discounts

2   without delivering the full benefits of those discounts, allowing them to retain substantial

3   revenues at the behest of their customers.

4       45.   Plaintiffs have concurrently filed the declaration of venue required by Civil

5   Code §1780(d).

6       46.   Pursuant to Civil Code §1782, on December 9, 2016, Plaintiffs' counsel sent

7   by certified mail, a notice letter to Defendants demanding that within 30 days Defendants

8   provide a refund to the Class and adequately correct, repair, replace or otherwise rectify the

9   deceptive and unlawful practices described in this Complaint for the entire Class.  As of the

10   date of the filing of this action, Defendants have not responded.

11       47.   Plaintiffs and the members of the Class have each been directly and

12   proximately injured by the conduct of Defendants, and such injury includes the amount of

13   overpayment as a result of Defendants' uniform practices and/or policies as they relate to

14   Kohl's Cash.  Plaintiffs and the Class have suffered an ascertainable loss and actual injury

15   for which they are entitled to legal and equitable relief, including treble damages.

16       48.   Plaintiffs and the Class have suffered, and will continue to suffer, irreparable

17   injury if Defendants are permitted to continue to engage in the conduct described herein.

18   Pursuant to §1770 of the California Civil Code, Plaintiffs and members of the Class are

19   entitled to a preliminary and permanent injunction enjoining Defendants, and their agents,

20   servants, employees and all persons acting under or in concert with them, to cease and desist

21   from the following acts:

22       a.   Deducting Kohl's Cash from the purchase price prior to applying any

23   percent-off discount; and

24       b.   Deducting Kohl's Cash from the amount of the refund for any

25   returned item.

26       49.   Plaintiffs engaged counsel to prosecute this action and are entitled to recover

27   costs and reasonable attorneys' fees according to proof at trial.

28

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

## SECOND CAUSE OF ACTION

### VIOLATION OF UNFAIR COMPETITION ACT

### (CAL. BUS. & PROF. CODE §17200 et seq.)

### (Against All Defendants)

50.    Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

51.    Defendants' conduct, as complained herein, is likely to deceive a reasonable consumer, and members of the public are likely to be deceived by Defendants' use of, and practices and policies relating to, Kohl's Cash and percent-off discounts.

52.    Defendants' conduct, as complained herein, constitutes unlawful conduct, in part, because it violates the CLRA.

53.    Defendants' conduct, as complained herein, is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, such that the gravity of the harm to Plaintiffs and class members substantially outweighs the utility, if any, of Defendants' conduct.

54.    As a result of Defendants' actions and conduct, as set forth herein, Plaintiffs and the Class have suffered injury-in-fact and has lost money or property in that they have incurred "Overpayment Charges" and paid more for products than advertised or marketed.

55.    Plaintiffs and the members of the Class have each been directly and proximately injured by the conduct of Defendants, and such injury includes the amount of overpayment as a result of Defendants' uniform practices and/or policies as they relate to Kohl's Cash.

56.    Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices as provided in Business and Professions Code §17203 and Civil Code §3345, and/or, to the extent permitted by law, to require the disgorgement by Defendants of all revenues, and benefits that may have been obtained by Defendants as a result of such fraudulent, unlawful, and/or unfair business acts or practices, and for such

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1 other relief as set forth below. Plaintiffs and the Class seek an order requiring Defendants
2 to make full restitution of all moneys wrongfully obtained from Plaintiffs and the Class.

3      57.   Plaintiffs and the Class have suffered, and will continue to suffer, irreparable
4 injury if Defendants are permitted to continue to engage in the conduct described herein.
5 Pursuant to Business and Professions Code §17203, Plaintiffs and members of the Class are
6 thus entitled to a preliminary and permanent injunction enjoining Defendants, and their
7 agents, servants, employees and all persons acting under or in concert with them, to cease
8 and desist from the following acts:

9         a.   Deducting Kohl's Cash from the sales price prior to any applicable
10 discount; and

11         b.   Deducting Kohl's Cash from the amount of the refund for any
12 returned item.

13      58.   Plaintiffs engaged counsel to prosecute this action and are entitled to recover
14 costs and reasonable attorneys' fees according to proof at trial.

15

16                       **THIRD CAUSE OF ACTION**
17            **FALSE AND MISLEADING ADVERTISING**
18           **(CAL. BUS. & PROF. CODE §17500, et seq.)**
19                **(Against All Defendants)**

20      59.   Plaintiffs incorporate by reference all the above allegations as if fully set forth
21 herein.

22      60.   Defendants engaged in deceptive conduct, including deceptive, misleading,
23 and/or false omissions and representations relating to Kohl's Cash and the amount of
24 discounts.

25      61.   Defendants were aware, or by the exercise of reasonable care should have
26 been aware, that their omissions and representations were deceptive, misleading, and/or
27 false.

28      62.   As a result of Defendants' actions and conduct, as set forth herein, Plaintiffs

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

02/15/2017

1  and the Class have suffered injury-in-fact and have lost money or property in that they have

2  incurred "Overpayment Charges" and paid more for products than advertised or marketed.

3      63.    Plaintiffs request that this Court enter such orders or judgments as may be

4  necessary to restore to any person in interest any money which may have been acquired by

5  means of such unfair practices as provided in Business and Professions Code §17203 and

6  Civil Code §3345, and/or, to the extent permitted by law, to require the disgorgement by

7  Defendants of all revenues, and benefits that may have been obtained by Defendants as a

8  result of such fraudulent, unlawful, and/or unfair business acts or practices, and for such

9  other relief as set forth below.

10     64.    Plaintiffs and the Class have suffered, and will continue to suffer, irreparable

11  injury if Defendants are permitted to continue to engage in the conduct described herein.

12  Plaintiffs and members of the Class are thus entitled to a preliminary and permanent

13  injunction enjoining Defendants, and their agents, servants, employees and all persons acting

14  under or in concert with them, to cease and desist from the following acts:

15         a.    Deducting Kohl's Cash from the sales price prior to any applicable

16  discount; and

17         b.    Deducting Kohl's Cash from the amount of the refund for any

18  returned item.

19     65.    Plaintiffs engaged counsel to prosecute this action and are entitled to recover

20  costs and reasonable attorneys' fees according to proof at trial.

21

22                    **FOURTH CAUSE OF ACTION**

23                          **RESTITUTION**

24                     **(Against All Defendants)**

25     66.    Plaintiffs incorporate by reference all the above allegations as if fully set forth

26  herein.

27     67.    This cause of action is being asserted on behalf of Plaintiffs and the Class

28  members who used Kohl's Cash in conjunction with a percent-off discount within the

ESENSTEN LAW
12100 Wilshire Blvd
Suite 1660
Los Angeles, CA 90025

1    applicable statute of limitations period.

2    68.    Defendants have benefited and have been unjustly enriched by the above-
3    alleged conduct.  As a direct result of Defendants' conduct described herein, Plaintiffs and
4    members of the Class have overpaid Defendants for goods and have paid more than the
5    marketed and/or discounted price.

6    69.    Defendants have knowledge of this benefit, and have voluntarily accepted and
7    retained this benefit.

8    70.    The circumstances as described herein are such that it would be inequitable
9    for Defendants to retain these ill-gotten benefits without refunding the amount of
10   overpayment to Plaintiffs and the Class members.

11   71.    Plaintiffs and the Class members are entitled to the amount of Defendants' ill-
12   gotten gains, including interest, resulting from their unlawful, unjust and inequitable conduct
13   as described above.

14

15                          **PRAYER FOR RELIEF**

16   WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,
17   pray for judgment against Defendants as follows:

18   1.    For an order certifying the Class;

19   2.    For an order appointing Esensten Law as Class Counsel and Plaintiffs as Class
20   Representatives;

21   3.    For an award of general damages according to proof;

22   4.    For an award of treble damages according to proof;

23   5.    For an award of special damages according to proof;

24   6.    For an award of punitive damages in an amount sufficient to deter and make
25   an example of Defendants;

26   7.    For an award of restitution in an amount according to proof;

27   8.    For disgorgement in an amount according to proof;

28   9.    For a temporary restraining order, a preliminary injunction, and a permanent

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

1 | injunction enjoining Defendants, and their agents, servants, employees and all persons acting
2 | under or in concert with them, to cease and desist from the following acts:

3 |           a.       Deducting Kohl's Cash from the sales price prior to any applicable
4 | discount; and

5 |           b.       Deducting Kohl's Cash from the amount of the refund for any
6 | returned item.

7 |     10.    For reasonable attorneys' fees and costs incurred herein;

8 |     11.    For an award of pre-judgment and post-judgment interest on all amounts
9 | awarded; and

10 |     12.    For all general, special, and equitable relief to which the Plaintiffs and the
11 | members of the Class(es) are entitled by law.

12 | DATED: February 14, 2017              **ESENSTEN LAW**

13

14

15 |                    By:
                              JORDAN S. ESENSTEN
16 |                    Attorneys for Plaintiffs Crystal Waters and Tony
                        Valenti, on behalf of themselves and all others
                        similarly situated
17

18

19

20

21

22

23

24

25

26

27

28

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

19

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  February 14, 2017          **ESENSTEN LAW**

By: _____
          JORDAN S. ESENSTEN
Attorneys for Plaintiffs Crystal Waters and Tony
Valenti, on behalf of themselves and all others
similarly situated

ESENSTEN LAW
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

20
COMPLAINT

FILED
Superior Court of California
County of Los Angeles

FEB 15 2017

Sherri R. Carter, Executive Officer/Clerk
Moses Soto
By _____, Deputy

CM-010

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ROBERT L. ESENSTEN (SBN 65728) / JORDAN S. ESENSTEN (SBN 264645)
ESENSTEN LAW
12100 Wilshire Blvd., Suite 1660
Los Angeles, California 90025
TELEPHONE NO.: (310) 273-3090    FAX NO.: (310) 207-5969
ATTORNEY FOR (Name): Plaintiffs Crystal Waters and Tony Valenti

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
CANCELED
FEB 14 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Shaunya Bolden

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

CASE NAME:
Crystal Waters, et al. vs. Kohl's Department Stores, Inc., a corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | BC 6 5 0 9 0 6 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): Four (4)-Violation of Legal Remedies, Violation of Unfair Competition, False and Misleading Advertising, and Restitution
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 14, 2017

Jordan S. Esensten
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**



| SHORT TITLE: Crystal Waters, et al. vs. Kohl's Department Stores, Inc., a Corp | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Crystal Waters, et al. vs. Kohl's Department Stores, Inc., a Corp | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not Insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Crystal Waters, et al. vs. Kohl's Department Stores, Inc., a Corp | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Crystal Waters, et al. vs. Kohl's Department Stores, Inc., a Corp | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>This is a Class Action and therefore must be filed in the County Courthouse, Central District |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 14, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

JS-6

1

2

3

4

5

6

7

8                        𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱

9                        𝔠𝔢𝔫𝔱𝔯𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔠𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞

10

11   CRYSTAL WATERS and TONY              Case № 2:17-cv-02325-ODW (AFMx)
     VALENTI, on behalf of themselves and all
12   others similarly situated,
                                          **ORDER GRANTING PLAINTIFFS'**
13                  Plaintiffs,            **MOTION TO REMAND [16] AND**
                                          **DENYING AS MOOT**
14        v.                              **DEFENDANT'S MOTION TO**
                                          **DISMISS [15]**
15   KOHL'S DEPARTMENT STORES,
     INC.; and DOES 1–100, inclusive,
16
                    Defendants.
17

18                            **I.    INTRODUCTION**

19        This is a putative class action lawsuit brought by Plaintiffs Crystal Waters and

20   Tony Valenti against Defendant Kohl's Department Stores, Inc.  Before the Court are

21   Plaintiffs' Motion to Remand and Kohl's Motion to Dismiss.  (ECF Nos. 15, 16.)  For

22   the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion and **DENIES AS**

23   **MOOT** Defendant's Motion.[1]

24                            **II.   BACKGROUND**

25        Kohl's is a national department store chain with 116 locations in California.

26   (Compl. ¶ 12, ECF No. 1-1.)  Kohl's offers its customers the option to participate in a

27

28   _____
        [1] After considering the papers submitted by the parties, the Court deemed the matter appropriate
     for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1    reward program called "Kohl's Cash." (*Id.* ¶ 15.) Under this program, customers

2    earn Kohl's Cash when they spend a certain amount of money at a Kohl's store. (*Id.*)

3    Kohl's Cash can be used to purchase products at Kohl's, and, according to Plaintiffs,

4    is advertised by Kohl's as equivalent to real currency when so used (i.e., $1 in Kohl's

5    Cash = $1 in U.S. currency). (*See id.* ¶¶ 17–18.) Plaintiffs allege that, despite this

6    advertising, Kohl's customers do not receive the full value of their Kohl's Cash when

7    used in conjunction with percent-off discounts, because Kohl's deducts a customer's

8    Kohl's Cash from the purchase price *prior* to applying the percent-off discount. (*Id.*

9    ¶ 18.)

10        For example, suppose a customer purchases a $100 toaster marked at a 20%

11   discount. (*Id.* ¶ 20.) Suppose further that this customer has $60 in Kohl's Cash. (*Id.*)

12   If the customer uses his Kohl's Cash for this purchase, Kohl's will first subtract the

13   Kohl's Cash from the full, non-discounted price ($100 – $60 = $40), and will apply

14   the 20% discount thereafter. (*Id.*) This results in the customer paying $32 out-of-

15   pocket for the toaster (80% x $40 = $32). (*Id.*) Plaintiffs contend that Kohl's should

16   apply the Kohl's Cash *after* the discount, which in this example would result in the

17   customer paying only $20 out-of-pocket for the toaster ([$100 x 80% = $80] – $60 =

18   $20). Plaintiffs characterize this $12 difference as "unredeemed Kohl's Cash,"[2] and

19   have filed this lawsuit to recover any unredeemed Kohl's Cash owed to California

20   residents who have made such purchases in the past four years.

21        In February 2017, Plaintiffs filed this action in the Los Angeles Superior Court.

22   (ECF No. 1-1.) In March 2017, Kohl's removed the action to this Court and

23   subsequently moved to dismiss the complaint. (ECF Nos. 1, 15.) Five days later,

24   Plaintiffs moved to remand the case to state court. (ECF No. 16.) Each party opposed

25   the other's Motion. (ECF Nos. 17, 19.) Those Motions are now before the Court for

26   decision.

27

28        [2] Plaintiffs also refer to it as "Overpayment Charges" in their Complaint. (Compl. ¶ 21.) The
Court will use the term "unredeemed Kohl's Cash" for ease of reference.

### III.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  Under the Class Action Fairness Act, federal courts have jurisdiction over a class action where the citizenship of at least one plaintiff class member is diverse from the citizenship of any defendant, and the amount in controversy exceeds $5 million.  *See* 28 U.S.C. § 1332(d)(2).  Where, as here, the amount in controversy is not facially evident from the complaint and the plaintiff challenges federal jurisdiction, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*  However, unlike with other bases of removal, there is no presumption against jurisdiction when the removal is based on CAFA. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

### IV.   DISCUSSION

Plaintiffs contend that Kohl's has not established that the amount in controversy exceeds $5 million.  In its Notice of Removal, Kohl's alleged that this requirement was satisfied because "[t]he purchases made at stores in the State of California in the past four years from Kohl's . . . using, in whole or part, Kohl's Cash® in conjunction with percent-off discount, or where the consumer subsequently returned the previously-purchased items, well exceeds $5,000,000." (Not. of Removal ¶ 16, ECF

1    No. 1.)  Kohl's also submitted an employee declaration to this effect.  (Stemper Decl.

2    ¶ 5, ECF No. 3.)  The declaration further stated that Kohl's customers "have redeemed

3    more than $6.7 million of Kohl's Cash" at its store in Valencia, California, and that

4    there are over 100 stores in California where customers have redeemed Kohl's Cash.

5    (*Id.* ¶ 4.)  In their Motion to Remand, Plaintiffs point out that they seek to recover

6    only *unredeemed* Kohl's Cash, and thus Kohl's allegations and evidence concerning

7    the amount of *redeemed* Kohl's Cash do not establish that the amount in controversy

8    exceeds $5 million.

9        In its Opposition, Kohl's submits a supplemental declaration from the same

10   employee.  In that declaration, the employee attests that Kohl's "prefers not to

11   disclose the exact amount of Kohl's Cash redeemed in California in conjunction with

12   a second coupon entitling the customer to a percentage-off discount," but that Kohl's

13   "ha[s] calculated that amount . . . [and] can assure the Court that consumers in

14   California, over the past four years, have redeemed more than $25 million in Kohl's

15   Cash while also using a percentage-off coupon."  (Stemper Suppl. Decl. ¶ 7, ECF No.

16   19-1.)  Kohl's then argues that because Plaintiffs "are seeking only 20% of the value

17   of Kohl's Cash redeemed in California in conjunction with another coupon providing

18   for a percentage off the item(s) purchased, that would mean they are seeking more

19   than $5 million in damages."  (*Id.* ¶ 9.)

20       The Court agrees with Plaintiffs that neither the original affidavit nor the

21   supplemental affidavit that Kohl's submits establishes the amount in controversy.

22   One cannot calculate the total amount of *un*redeemed Kohl's Cash simply by

23   referencing the total amount of redeemed Kohl's Cash.  For instance, in the toaster

24   example above, the amount of redeemed Kohl's Cash was $60,[3] but the amount of

25   unredeemed Kohl's Cash—which is what Plaintiffs seek to recover—is $12.  One

26   cannot determine solely from the $60 in redeemed Kohl's Cash that the unredeemed

27       [3] Plaintiffs would likely characterize the "redeemed" amount as only $48, because one should

28   subtract the $12 in unredeemed Kohl's Cash.  Either way, this does not change the principal that one
     cannot calculate the unredeemed cash from the redeemed cash alone.

1   amount is $12; rather, one requires the total price of the purchased product and the

2   percentage-discount offered for that specific product. Kohl's has provided neither.

3   Instead, Kohl's appears to assume that the unredeemed Kohl's Cash is always

4   equivalent to 20% of the redeemed Kohl's Cash. While that happened to be the case

5   in the toaster example that Plaintiffs provided, it is obviously extremely unlikely to be

6   the case for every single purchase. Kohl's thus has not demonstrated that the amount

7   in controversy exceeds $5 million.[4]

8                       **V.   CONCLUSION**

9       For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to

10   Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss. (ECF Nos. 15,

11   16.) The Court **REMANDS** this case to the Los Angeles Superior Court, Case No.

12   BC 650906. The Clerk of the Court shall close the case.

13

14      **IT IS SO ORDERED.**

15

16      June 27, 2017

17

18

19                             **OTIS D. WRIGHT, II**

                       **UNITED STATES DISTRICT JUDGE**

20

21

22

23

24

25       [4] Kohl's argues that the Court should deny this Motion based on Plaintiffs' counsel's failure to

26   timely meet and confer prior to moving to remand. *See* C.D. Cal. L.R. 7-3. While the Court may

27   have done so if the Motion did not concern a jurisdictional issue, *see, e.g., Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012),

28   Plaintiffs' failure to meet and confer cannot justify the Court adjudicating a case over which it lacks subject matter jurisdiction.